1522-CC10620

STATE OF MISSOURI              )
                               ) SS
CITY OF ST. LOUIS              )

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(CITY OF ST. LOUIS)

ROBERT L. WIDEMAN,                        )
608 N. Ninth Street                       )
Desoto, MO 63020                          )
                                          ) Cause No.:
     Plaintiff,                           )
                                          )
vs.                                       ) Division
                                          )
STATE FARM MUTUAL AUTOMOBILE              )
INSURANCE COMPANY,                        )
A Foreign Insurance Company               )
One State Farm Plaza                      )
Bloomington, IL 61710                     )
                                          )
                                          ) **JURY TRIAL REQUESTED**
Serve:                                    )
John M. Huff, Director                    )
MO Dept. of Insurance                     )
301 West High Street, Room 530            )
Jefferson City, MO 65101                  )

## PETITION

COMES NOW Plaintiff, Robert L. Wideman, by and through his attorney, James F.

Haffner, and for his cause of action against Defendant, states to the Court as follows:

   1. That Plaintiff is a resident of the State of Missouri.

   2. That Defendant State Farm Mutual Automobile Insurance Company is and at all times

relevant herein was a foreign insurance company which is duly registered and authorized to do

business in the State of Missouri with an office or agent for the transaction of business within the

City of St. Louis, State of Missouri.

1



EXHIBIT

A

3. That on or about February 28, 2008, Plaintiff was operating a 1970 Chevrolet Impala in a Southbound direction in the left hand lane on S. Broadway, in the City of St. Louis, when the driver of a tractor trailer also traveling in a southbound direction at the same time and place began to merge his motor vehicle into the same left lane, forcing plaintiff's vehicle into the median.

4. As a result of the negligent actions of said tractor trailer driver, Plaintiff's vehicle struck the curb and median, traveled upon the median and collided with the pole containing an electric traffic signal.

5. Said tractor trailer is an uninsured motor vehicle under Missouri statute as the identity of the owner or operator cannot be established because the motor vehicle (tractor trailer) departed the scene of the occurrence.

6. That the aforementioned accident occurred as a direct and proximate result of the negligence and carelessness of the driver of the unknown, uninsured motor vehicle.

7. Said unknown and uninsured driver was negligent in ways including but not limited to the following:

a) In failing to keep a careful lookout;

b) In failing to yield the right-of-way;

c) In failing to signal an intention to turn.

8. That as a direct and proximate result of the negligence and carelessness of the uninsured driver and uninsured motor vehicle, Plaintiff was caused severe, painful, permanent and progressive physical and psychological injuries to Plaintiff's face, head, neck, back, extremities and whole body causing all the various and diverse bones, joints, ligaments, tissues, cartilages and muscles to become bruised, contused, fractured, sprained and strained; In addition

2

thereto, Plaintiff's ability to carry on normal work and labor has been substantially impaired, diminished and restricted, and will in the future continue to be restricted; Plaintiff has been forced to incur various medical expenses for reasonable and necessary medical care and treatment of his injuries and psychological well-being, and will in the future be forced to incur additional such medical expenses as and for reasonable and necessary medical treatment for his injuries; Plaintiff's ability to engage in sporting and recreational activities and to enjoy the ordinary pursuits of life has been permanently impaired, diminished and restricted.

9. That at all times herein mentioned, Plaintiff Robert Wideman purchased from Defendant State Farm Mutual Automobile Insurance Company, numerous policies of automobile insurance including but not limited to, Policy Nos. 085 6731-B13-25; 023 9420-D14-25E; 335 7994-E29-250; 602 0062-A22-25N, all which provided coverage to Plaintiff in the event Plaintiff was injured by an uninsured motor vehicle.

10. At all times relevant herein, Defendant State Farm Mutual Automobile Insurance Company was duly and timely notified of the facts herein alleged and Plaintiff has fully performed all conditions contained in the policy of automobile insurance with Defendant.

WHEREFORE, Plaintiff prays for judgment against Defendant, in a just and reasonable sum in excess of Fifty Thousand Dollars ($50,000.00), together with the costs herein expended, and for such further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED,

JAMES F. HAFFNER, #35239
Attorney for Plaintiff
3228 Ivanhoe
St. Louis, MO. 63139
(314) 647-2112
(314) 647-1277 Fax