UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT L. WIDEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:15 CV 1570 CDP |
| | ) |
| STATE FARM MUTUAL AUTOMOBILE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER TO SHOW CAUSE

This newly-removed case is before me on my review for subject matter jurisdiction. Plaintiff Wideman filed this action against his insurance company State Farm in Missouri state court for coverage of his injuries following an automobile accident. State Farm removed this action to this Court on October 14, 2015, alleging diversity jurisdiction under 28 U.S.C. § 1332.

The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987). "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." In re Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)). Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a).

In removal cases, the district court reviews the complaint or petition pending at the time of removal to determine the existence of subject matter jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291 (1938). The district court may also look to the notice of removal to determine its jurisdiction. 28 U.S.C. § 1446(c)(2)(A)(ii) (2011). The removing

defendants, as the parties invoking jurisdiction, bear the burden of proving that all prerequisites to jurisdiction are satisfied. Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009). "[A]ll doubts about federal jurisdiction must be resolved in favor of remand[.]" Id.

Ordinarily, "the matter in controversy [must] excee[d] the sum or value of $75,000." 28 U.S.C. § 1332(a). "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." § 1446(c)(2)(a). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted *when not contested by the plaintiff or questioned by the court*." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 553 (U.S. Dec. 15, 2014) (emphasis supplied). "Evidence establishing the amount in controversy is required by § 1446(c)(2)(B) only when . . . the court questions the defendant's allegation." Id. at 554. When a court makes a factual inquiry into the amount-in-controversy issue, "the court can consider the plaintiff's pre- and post-removal settlement offers, refusals to settle, allegations of serious injuries in the pleadings, and post-removal stipulations, 'as long as the stipulation can be considered as *clarifying* rather than *amending* an original pleading.'" Jackson v. Fitness Res. Grp., Inc., No. 4:12 CV 986 DDN, 2012 WL 2873668, at *2 (E.D. Mo. July 12, 2012) (emphasis in original) (citing Ingram v. Procter & Gamble Paper Prods. Co., No. 4:11 CV 549 CAS, 2011 WL 1564060, at *2 (E.D. Mo. Apr. 25, 2011)).

State Farm's notice of removal alleges that the requisite amount in controversy is met because Wideman seeks uninsured motorists benefits "under at least four policies," although State Farm does not identify these alleged policies, the policy limits, or whether stacking of these policies is permitted. Wideman's petition is silent on these issues. State Farm also argues that

the amount in controversy is satisfied because "in the previous filing of this action, Plaintiff stipulated and agreed that Plaintiff would not seek, accept or attempt to collect damages in this case in excess of $75,000.00," but plaintiff's counsel has not responded to State Farm's request to enter into the same stipulation in this case. Here, I question whether the amount in controversy has been met. As a result, I will give State Farm until October 22, 2015, to supplement its Notice of Removal with sufficient evidence for me to find, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. State Farm's response shall also address the issue of whether plaintiff's previous stipulation remains binding on plaintiff in this case. Plaintiff may file any opposition or motion for remand by no later than October 29, 2015. The Court will also consider any additional clarifying stipulations from plaintiff as evidence regarding the amount in controversy should plaintiff choose to file one in this Court in lieu of filing an opposition or motion for remand. No additional briefing or a hearing will be permitted.

Accordingly,

**IT IS HEREBY ORDERED** that **defendant shall show cause in writing no later than October 22, 2015, why this case should not be remanded for lack of subject matter jurisdiction by supplementing its Notice of Removal as set out above.**

**IT IS FURTHER ORDERED** that plaintiff may file any opposition to defendant's Notice of Removal, and/or a motion to remand or stipulation, no later than **October 29, 2015**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of October, 2015.